| ARCHIBALD CHISHOLM vs. THOMAS PERRY. — GEORGE SMITH vs. NELSON BAKER. | Land Office, 29th of July, 1851. |

[PRACTICE IN THE LAND OFFICE—EVIDENCE.]

There is no rule of the land office which requires that a *caveat* shall be dismissed because the caveator did not show an interest in the matter in dispute.
The judge may on *caveat* or on application for a patent, where there is no *caveat*, refuse a patent on account of a violation of the rules of the said office.
Plats authenticated by the signature of the county surveyor, and returned under the orders of the court, must be treated as evidence and have weight accordingly.

---

[The facts of these cases are sufficiently stated in the opinion of the Chancellor.]

---

The Chancellor:

There being no dispute about the law of the land office applicable to these cases, the only question is, whether the caveatees, by competent evidence, have established the fact that these certificates include distinct parcels of land not contiguous to each other. If they have succeeded in doing this, it follows, of course, that the *caveats* must be ruled good.

It is, to be sure, said, in the argument of the counsel for

Nelson Baker, that the caveator of his certificate has no title to, or interest in, the land in controversy, and, upon this ground, it is supposed, the caveat must be overruled. But, upon referring to the *Landholders' Assistant*, page 491, it will be found that there is no rule requiring that a *caveat* shall be dismissed because the caveator did not show an interest in the matter in dispute. The author of that work repudiates any such rule, on a full review of the practice, and says, "that the judge may, on *caveat*, or on an application for a patent, where there is no *caveat*, refuse a patent on account of a violation of the rules of the office." This objection, therefore, cannot be maintained.

But, it is again urged, that no surveys have been made in these cases, showing the want of contiguity in the several parcels of land embraced in these certificates. Plats have, however, been filed, authenticated by the signature of the county surveyor, the same person who made the surveys and certificates of the lands for which patents are asked, by which it does appear that distinct and separate parcels of land, which are not contiguous, have been included in the surveys made by the caveatees.

These plats have been returned, under the orders of the court, and they must be treated as evidence, and, have weight accordingly, and as they show that the rule of the land office has been disregarded, the *caveats* must be ruled good.

But though no patents can issue upon these certificates, as they now stand, an order may be passed for correcting them, so as to exclude the lots which are not contiguous.

It is, thereupon, adjudged and ordered that the aforesaid *caveats* be, and the same are, hereby ruled good, and that the certificate of "*Dalmatia*," and the certificate of "*Monponsett*," be corrected, by excluding such parcels of land in each as may not be contiguous, and that the surveyor of Alleghany county make the said correction, and return the corrected certificates, together with the originals, to this office.

THOS. PERRY, for the Caveators.
J. DEVECMAN, for the Caveatee.